**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KIRILL SAVINOV** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-42-JWD-RLB** |
| **BRIAN ACUNA, ET AL.** | |

# RULING AND ORDER

Petitioner, Kirill Savinov, has filed a Petition for Writ of Habeas Corpus (Doc. 1) pursuant to 28 U.S.C. § 2241, challenging his ongoing detention in the custody of U.S. Immigration and Customs Enforcement (ICE). The Court has reviewed the parties' filings and the A-File, as well as the applicable law. Petitioner's habeas case is materially indistinguishable in pertinent part from this Court's prior decisions granting habeas relief to noncitizens held in immigration detention without any legitimate purpose and with no end in sight. *See Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026); *Dominguez Fernandez v. Acuna*, No. 26-cv-375, 2026 WL 2546662 (M.D. La. Aug. 27, 2026); *Omorodion v. Noem*, No. 26-cv-72, 2026 WL 2323240 (M.D. La. Aug. 11, 2026); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779 (M.D. La. July 16, 2026); *Omar v. U.S. ICE*, No. 26-cv-443, 2026 WL 1663009 (M.D. La. May 29, 2026). Therefore, as explained below, the Court finds that Savinov is likewise entitled to habeas relief.[1]

Savinov is a citizen of Russia. (Doc. 1 at 1). In early 2023, he fled Russia in fear of repercussions over his protests of Russian military action in Ukraine. *Id*. He was taken into ICE custody on June 23, 2024, following a conviction for simple possession. (Doc. 9-1 at ¶4). On December 31, 2024, after a credible fear interview and removal proceedings, an immigration judge ordered Savinov removed to Russia but also granted deferral of removal under the Convention

[1] This Court previously explained the applicable law in a detailed opinion, *Rodriguez Romero v. Ladwig*, 827 F. Supp. 3d 779 (M.D. La. 2026), which is incorporated here by reference.

Against Torture. (Doc. 16 at 1-4). Savinov was first detained at the ICE detention center in Jena, Louisiana, but was transferred to Camp 57 (Angola) on December 16, 2025, where he remains to this day. (Doc. 9-1 at ¶5). In February 2025, the Government sent removal requests to El Salvador, Honduras, and Mexico, but none of these countries ever responded. (*Id.* at ¶7). Despite regular check-ins from the local ICE ERO office, the ERO headquarters has only indicated that they are "working to identify a third country removal". (*Id.* at ¶¶8-14). There has been no indication to the Court as of this writing that circumstances have changed to this day. Savinov remains in ICE custody with no concrete removal plan.

In *Zadvydas v. Davis*, the U.S. Supreme Court instructed that:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

*Zadvydas v. Davis*, 533 U.S. 678, 699–700 (2001). Finding that detention for longer than six months is constitutionally suspect, the Court established that a period of up to six months is a presumptively reasonable time to detain a person for the purpose of effectuating removal. *Id.* at 699, 701. Once a petitioner has shown that there is <u>good reason to believe</u> that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must show evidence sufficient to rebut the petitioner's showing; otherwise, petitioner's detention is unlawful. *Id.* at 701.

Here, ICE has detained Savinov for over 640 days,[2] with three failed attempts at removal and nearly two years of fruitlessly working to identify a country for removal. (Doc. 9-1). Savinov

[2] From the date his order of removal was finalized; Savinov was detained for an additional 7 months prior to that finalization—in total over 860 days.

has presented good reason to believe his removal is not imminent—that the Government has been unable to even identify a country for removal in nearly two years of trying is sufficient reason to believe that there is significant likelihood of removal in the reasonably foreseeable future. The Government bears the burden of rebuttal, showing that removal is reasonably foreseeable and that Savinov's prolonged detention is therefore justified. In an effort to make this showing, the Government merely posits:

> [T]he Government has taken affirmative steps to obtain travel documents to effectuate Petitioner's removal to a third country. Specifically, the U.S. Immigration and Customs Enforcement sent requests for Petitioner's third country removal to El Salvador, Honduras, and Mexico in February of 2025. And the U.S. Immigration and Customs Enforcement continues to process Petitioner's removal to a third-country.

(Doc. 12 at 12-13) (internal citations omitted). The Government provides no other justification for Savinov's continued detention.

In relying on only continued efforts to identify a removal country, the Government argues that any progress, however slow and however fruitless, justifies continued detention. The Supreme Court says otherwise—it explicitly disavowed the use of vague and speculative rationales to justify detention in *Zadvydas v. Davis*, 533 U.S. 678, 702 (2001) (Rejecting a standard that would render continued "detention lawful as long as good faith efforts to effectuate deportation continue and [the noncitizen] failed to show that deportation will prove impossible."); *see also Villanueva v. Tate*, 801 F. Supp. 3d 689, 704 (S.D. Tex. 2025) ("But the government may not detain Villanueva for an indefinite and undetermined period of time while it tries to effect that removal when the circumstances are such that his removal is not reasonably likely in the foreseeable future."); *Martinez Rico v. U.S. ICE*, No. 25-cv-990, 2026 WL 2069779, at *4 (M.D. La. July 16, 2026) (relying on speculative nature of ICE agent's statement — that ICE "is still working to remove the petitioner to a third country"— in granting habeas relief and finding: "Nearly one year has passed

since ICE detained Martinez Rico . . . . Yet, ICE has made no meaningful progress in removing Martinez Rico.”).

As of this writing, Savinov has been detained more than 640 days and counting. There appears to be no end in sight. This period of detention well exceeds the six-month presumptively reasonable period that the Supreme Court recognized in *Zadvydas* and *Clark v. Martinez*, 543 U.S. 371, 386 (2005) (explaining that mere passage of time may suffice as reason for release when “Government ha[s] brought forward nothing to indicate that a substantial likelihood of removal subsists”).

Each day that Savinov remains indefinitely detained, his constitutional right to liberty is severely restrained. *See Zadvydas*, 533 U.S. at 690 (2001) (“Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects.” (*citing Foucha v. Louisiana*, 504 U.S. 71, 80 (1992))). And that harm is irreparable. *See Ventura Martinez v. Trump*, No. 25-cv-1445, 2025 WL 3124847, at *3 (W.D. La. Oct. 22, 2025) (“The erroneous deprivation of a [noncitizen]’s liberty, for even minimal periods of time, unquestionably constitutes irreparable injury.”) (internal citations omitted). Therefore,

**IT IS ORDERED** that the **Petition for Writ of Habeas Corpus** (Doc. 1) is **GRANTED** and Petitioner Savinov is entitled to release from ICE custody. Federal Respondents will release Petitioner within **24 hours** of this Ruling and Order, subject to appropriate conditions of supervised release.

**IT IS FURTHER ORDERED** that Federal Respondents shall, at least **4 hours prior** to Petitioner’s release, notify Petitioner’s Counsel of the time and place of his release in order to facilitate travel.

**IT IS FURTHER ORDERED** that Federal Respondents will return to Petitioner all of his belongings, including any identifying documents, and provide him with a written copy of any supervision orders.

**IT IS FURTHER ORDERED** that Federal Respondents shall not re-detain Petitioner without due process of law, and in accordance with this Ruling and Order, the Due Process Clause of the Fifth Amendment to the U.S. Constitution, and ICE's own regulations.

Signed in Baton Rouge, Louisiana, on November 13, 2026.

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**